IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

               Plaintiff,

v.

U.S. TREASURY–INTERNAL REVENUE SERVICE,

               Defendant.

OPINION & ORDER

15-cv-39-jdp

---

    Eric Thomas Wrhel, a Madison resident appearing pro se, brings this lawsuit against the Internal Revenue Service, seeking injunctive relief, a tax refund, and damages concerning the alleged miscalculation of his taxes and harassing behavior of IRS officials. Defendant has filed a motion to dismiss the case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For reasons explained below, I conclude that the motion is more properly considered one for summary judgment on a number of threshold issues. After considering the parties' briefs and accompanying evidence, I will dismiss the case because the court cannot grant plaintiff the injunctive relief he seeks, and because plaintiff has failed to properly exhaust his administrative remedies on the remainder of his claims.

    To address defendant's motion, I must first consider what claims are it issue in this case. Plaintiff recounts his long-running difficulties with the IRS, but it is difficult to tell precisely what types of claims he wishes to bring. Below is a summary of his allegations.

## ALLEGATIONS OF FACT

    Plaintiff Eric Thomas Wrhel is a Madison resident. Plaintiff has had ongoing disputes with the Internal Revenue Service. As plaintiff describes it, "Most of my life . . . I have been

the type to stockpile a few returns . . . send in a few and have my vacation funds." Dkt. 1-1, at 4. Plaintiff received letters from the IRS about several years of unfiled tax returns. Based on the parties' submissions, I take it to be undisputed that plaintiff did not submit his 2001-05 and 2011-13 returns on time.

After corresponding with the IRS about some of these missing returns, he saw a person illegally parked on his side of the street in front of house, who was there for about 20 minutes and then left. In August 2014, a neighbor told plaintiff that she saw a man sitting on plaintiff's front porch. When plaintiff retuned home, there was an envelope from the IRS with information about the collection process and a tax agent's business card. Plaintiff had conversations with several IRS employees over the phone. Plaintiff was told he had to report his gross income. He believes that the IRS thought he was underreporting his income. Plaintiff got an extension to file his 2011-13 refunds and eventually did so. At some point he also submitted his 2001-05 returns.

Plaintiff focuses on his 2010 refund. In October 2014, plaintiff received a "tax bill" for $393.35. Plaintiff learned that the IRS amended his 2010 return (he originally received a $1,276 refund) based on a 1099 form from the Ho-Chunk casino. When plaintiff said that he did not receive notice of this, an agent told him that notices were sent to his old Iowa address rather than his current Madison address. Plaintiff also learned that the IRS levied state of Wisconsin refunds to pay some of his 2010 tax due. Plaintiff later received "bills" for $776.79 and $779.03 that he believes were related to his 2010 taxes. Plaintiff paid all of the assessments.

In his request for relief, plaintiff asks the court "find in [his] favor"; "[i]ssue [a] restraining order (Permanently) against the IRS from ever issuing another levy against [him]

or any other taxpayer who have not had concrete proof that they have been notified appropriately by the IRS"; and "[p]ave the way to go to federal claims court for compensation." Dkt. 1, at 3.

ANALYSIS

There are problems with both parties' submissions in this case. Plaintiff names "U.S. Treasury–Internal Revenue Service" as the defendant, but neither the IRS nor Treasury Department may be sued for actions of IRS officials; the proper defendant is the United States. *Devries v. I.R.S.*, 359 F.Supp. 2d 988, 991-92 (E.D. Ca. 2005); *see also Gengler v. I.R.S.*, No. 10-CV-689, 2010 WL 5463314, at *1 (E.D. Wis. Dec. 29, 2010). I will substitute the United States as the defendant.

Plaintiff has also filed two frivolous motions for additional remedies regarding his desire to permanently leave the country: a motion for an order "allowing [him] to travel anywhere, anytime, and for any reason that [he] see[s] fit," Dkt. 17, and a motion for an order forcing the Social Security Administration to pay him the benefits he believes he is owed before he leaves the United States, Dkt. 19. I will deny both motions because the court cannot grant this relief.

For its part, the government mischaracterizes its motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(1), arguing that the court does not have subject-matter jurisdiction over the case because the United States has not waived its sovereign immunity over the types of claims plaintiff is trying to bring. The Seventh Circuit has concluded that sovereign-immunity arguments like the ones brought by defendant are affirmative defenses that can be waived, and so are not jurisdictional. *See Gray v. United States*, 723 F.3d 795, 798

(7th Cir. 2013); *Collins v. United States*, 564 F.3d 833, 837-38 (7th Cir. 2009). Some of the government's arguments rely on tax records and other evidence outside the scope of the pleadings, so their motion is more appropriately characterized as one for summary judgment on threshold issues such as exhaustion of administrative remedies. Plaintiff is not prejudiced by consideration of this evidence, as he has submitted evidence of his own as part of his formal response, and he has submitted supplemental evidence following briefing. Accordingly, both sides have had an adequate opportunity to present all the material pertinent to these threshold issues and I will treat defendant's motion as one for summary judgment.

I will construe plaintiff's allegations generously because he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). I read plaintiff's complaint to include three categories of claims: (1) a request for injunctive relief permanently enjoining the IRS from collecting his taxes; (2) a claim for refund of at least part of his 2010 assessment[1]; and claims regarding perceived harassment by IRS officials.

A. **Prospective relief**

As stated above, plaintiff requests that this court "[i]ssue [a] restraining order (Permanently) against the IRS from ever issuing another levy against [him] or any other taxpayer who have not had concrete proof that they have been notified appropriately by the

---

[1] Defendant argues that plaintiff also potentially seeks refunds based on his belatedly filed 2001-05 returns, and that any such refund would be barred by the statute of limitations for seeking a refund from the IRS. But I take plaintiff's response, Dkt. 10, to disavow any such claim, because he states that he is aware that he forfeited those returns:

> Not one time did I say[a] word about the returns from 2001-2005. I knew there was a statu[t]e of limitations on some of those. I still wanted the IRS to have them at least. After what I forfeited in those returns and then the IRS wants to freak out and come at me over tax filings for 2011, 2012, 2013 like I owe them gobs of money.

IRS." Plaintiff cannot receive the injunctive relief he seeks against further tax collection activities. The Anti-Injunction Act provides, with limited exceptions that do not apply here, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This means that taxpayers who dispute the taxes collected must do so in a suit for a refund of those taxes, not in a suit to enjoin collection. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5-7 (1962).

**B. Claim for refund**

The United States has waived immunity with respect to taxpayer suits for refunds. *See* 26 U.S.C. § 7422 (titled "Civil actions for refund"). So plaintiff *could* seek a refund for the 2010 tax liabilities he discusses in his allegations. But such a claim may be brought only after the taxpayer has first filed an administrative claim with the IRS as set out in its regulations. 26 U.S.C. § 6532(a) ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time"); *see also Bartley v. U.S.*, 123 F.3d 466, 467-68 (7th Cir. 1997). The IRS provides an administrative process to resolve disputes, and a taxpayer must seek an administrative remedy under § 7422 *before* turning to the federal courts.

When it filed its motion, the government contended that plaintiff never filed an administrative claim regarding his 2010 taxes. In his formal response, plaintiff did not dispute this. But following completion of briefing on the motion, he submitted a supplement that included a copy of a January 2016 order from the United States Tax Court that suggests

5

that he did make an administrative claim. *See Wrhel v. Comm'r of Internal Revenue*, No. 15387-15 (T.C. Jan. 7, 2016), Dkt. 16-1.

According to the Tax Court's decision, plaintiff filed a petition for redetermination of his deficiency on his 2010 taxes with the Tax Court in June 2015. *Id.* at 1. The government moved to dismiss the petition, arguing that he failed to file his petition within the 90-day deadline following issuance of the notice of deficiency. *Id*. But plaintiff argued (as he continues to argue in this case) that the notice was sent to his old Iowa address, not his current Madison address, which he considered to be his "last known address" for purposes of the IRS rules. *Id*. at 1-2. The Tax Court agreed with plaintiff, stating that the government had failed to show that the notice was sent to plaintiff's last known address. *Id*. at 3. The court then dismissed plaintiff's petition for lack of jurisdiction, because there was not a valid notice of the deficiency. *Id*.

But plaintiff's administrative claim does not exhaust his administrative remedies with regard to *this* lawsuit, because plaintiff filed the claim after he filed this lawsuit.[2] Exhaustion must occur *before* the lawsuit is filed. *See Gray*, 723 F.3d at 799-801. Accordingly, plaintiff cannot bring a § 7422 claim in this lawsuit. Plaintiff has brought second and third lawsuits about these issues, *see* case nos. 15-cv-271-jdp and 15-cv-732-jdp. The '271 case has already been dismissed because it duplicates this lawsuit.[3] I will address the '732 case in an upcoming order.

---

[2] It is not clear whether the IRS would consider plaintiff's claim in Tax Court to procedurally comply with its rules about the proper way to exhaust a § 7422 claim. *See* 26 C.F.R. §§ 301.6402-2 and 301.6402-3. But I need not reach this issue in ruling that plaintiff failed to exhaust his administrative remedies by the time he filed this lawsuit.

[3] The '271 lawsuit was also filed before plaintiff's claim in Tax Court.

**C. Harassment/mailing to wrong address**

Plaintiff lists various causes of action in his complaint separate from the narrative attached to the complaint. Those causes of actions are: "Conspiracy to Commit Fraud," "Illegal Seizure–Fourth Amendment," "Invasion of Privacy," "Harrassment," "Tresspassing," "Undo Stress + Mental Anguish," "Personal Disruption," and "Business Disruption – Self employed." Dkt. 1, at 2. Any potential claims under these theories are grounded in the way in which IRS agents pursued plaintiff: he alleges that agents came to his home, sent notices to the wrong address, and seized his state income tax refund.

These types of claims may potentially be brought under 26 U.S.C. § 7433 (titled "Civil damages for certain unauthorized collection actions"), but such claims fail for the same reason as his § 7422 claims: a person who wishes to file a § 7433 claim must first exhaust remedies within the IRS system by submitting an administrative claim. *See* 26 C.F.R. § 301.7433–1(d)-(e); *Gray*, 723 F.3d at 802. Although plaintiffs with similar claims for harassment from federal officials might usually have other avenues open for bring the type of claims plaintiff asserts, those avenues are not available for tax-related claims. *See* 28 U.S.C. § 2680(c) (Federal Tort Claims Act excludes claims "arising in respect of the assessment or collection of any tax."); *Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir. 1985) (taxpayers may not bypass the remedies provided by Congress by bringing a *Bivens* action for damages against Treasury employees).

CONCLUSION

The IRS provides administrative remedies for the erroneous calculation of amounts due and for misconduct by IRS personnel. The federal courts are available only after these

administrative remedies prove to be unsatisfactory. Plaintiff has turned to this court prematurely. He must allow the IRS to address his problems first.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on threshold issues, Dkt. 6, is GRANTED.

2. Plaintiff's motions for orders "allowing [him] to travel anywhere, anytime, and for any reason that [he] see[s] fit," Dkt. 17, and to force the Social Security Administration to pay him the benefits he believes he is owed before he leaves the United States, Dkt. 19, are DENIED.

3. The clerk of court is directed to enter judgment for defendant and close this case.

Entered March 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge