IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

            Plaintiff,

  v.

U.S. TREASURY–INTERNAL REVENUE SERVICE,

            Defendant.

ORDER

15-cv-39-jdp

---

ERIC THOMAS WRHEL,

            Plaintiff,

  v.

UNITED STATES OF AMERICA and
UNITED STATES INTERNAL REVENUE SERVICE,

            Defendant.

ORDER

16-cv-758-jdp

---

Eric Thomas Wrhel, a Madison resident appearing pro se, has filed a series of lawsuits concerning the alleged miscalculation of his taxes related to gambling income, as well as harassing behavior of Internal Revenue Service officials. I dismissed two of these cases, Nos. 15-cv-39-jdp and 15-cv-732-jdp, largely because Wrhel failed to properly exhaust administrative remedies with the Internal Revenue Service before bringing his claims in this court. Wrhel has followed these dismissals with a new case, No. 16-cv-758-jdp, in which he states that he has exhausted his remedies. The clerk of court issued summonses to Wrhel and the court awaits service and defendants' responsive pleading.

In the meantime, Wrhel has filed a letter in the dismissed '39 case, asking the court to order the Ho-Chunk Nation to provide him with a copy of the 1099 or W-2G forms it claims to have sent him. This is not the correct process for a litigant to seek documents from an

entity that is not a party to a lawsuit, and in any event there is no reason to address a discovery matter in a case that has already been dismissed. Now that Wrhel has filed a new lawsuit, he should use the discovery process in the new lawsuit to get the documents he needs to prove his claims. I will deny his motion in the '39 case.

Wrhel has filed a letter in his new case, making two requests: (1) to slightly change the wording of one of the paragraphs in the "Relief Wanted" section of his complaint; and (2) to be appointed counsel. Dkt. 2. Wrhel's proposed revision does not alter his complaint in a material way, and because Federal Rule of Civil Procedure 15(a)(1) allows him to amend his complaint once "as a matter of course" within 21 days of serving it on defendants, I will grant his motion. When serving his complaint on defendants, Wrhel should include his letter containing the revised statement.

As for his request to be appointed counsel, I will deny it for three reasons. Wrhel does not provide an affidavit explaining his financial situation, so I cannot tell whether recruitment of counsel would be appropriate from the financial perspective. He also fails to properly show that he has attempted to locate outside counsel on his own. To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Wrhel states that he has contacted lawyers who refuse to take the case without a retainer, but he does not attach any correspondence from them or even explain who he has contacted. Finally, it is too early in the case to consider recruiting counsel for Wrhel. His previous cases have been dismissed on exhaustion grounds, and it is unclear whether this case will need to be dismissed for the same reason. Wrhel does not need a lawyer to explain what steps he has taken to litigate his claims in IRS administrative proceedings.

I will deny Wrhel's motion without prejudice to his renewing his motion after the case passes the exhaustion stage, but he will have to provide an affidavit of indigency, more information about what lawyers have turned him down for representation, and an explanation of why the case will be too difficult for him to litigate. I will attach a copy of the court's indigency form for Wrhel to fill out.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Thomas Wrhel's motion for a court order directing the Ho-Chunk Nation to provide him with documents, Dkt. 24 in Case No. 15-cv-39-jdp, is DENIED.

2. Plaintiff's motion to amend his complaint, Dkt. 2 in Case No. 16-cv-758-jdp, is GRANTED.

3. Plaintiff's motion for appointment of counsel, Dkt. 2 in Case No. 16-cv-758-jdp, is DENIED without prejudice to him renewing his motion later in the proceedings.

Entered November 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge